UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE ALEXANDER BANKS,

    Plaintiff,

v.                                                          Case No. 2:19-cv-754-FtM-60MRM

SHENANDOAH GENERAL
CONSTRUCTION COMPANY;
DANIEL J. DIMERA; and
MARGRAT LARRY,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S LETTER TO THE COURT

This matter is before the Court on Plaintiff's Letter to the Court, filed on November 12, 2019. (Doc. # 10). After reviewing the Letter, court file, and the record, the Court finds as follows:

In his Letter, Plaintiff appears to request reconsideration of the Court's dismissal of his case without prejudice. "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). To grant rehearing or reconsideration, there must be either "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Mariano v. Ethan Allen Interiors, Inc.*, Case No. 6:10-cv-1213-Orl-22KRS, 2011 WL 13298712, at *1 (M.D. Fla. Jan. 27, 2011).

To the extent that Plaintiff seeks reconsideration of the Court's Order dismissing the case, the Court finds that no reconsideration is warranted. In its November 4, 2019, Order, the Court found that the Middle District of Florida was not the appropriate forum for Plaintiff's purported *in rem* suit to enforce a maritime lien as to property located within the Southern District of Florida. The Court further noted that the one-page complaint reflected an intent to file in the "United States District Court for the Southern District of Florida." Therefore, the Court dismissed the complaint without prejudice to any right that Plaintiff may have to refile his claim(s) in the Southern District of Florida, if he may do so in good faith. There is no clear error or manifest injustice.

Due to Plaintiff's confusion, the Court briefly explains the jurisdictional issue. "To establish in rem jurisdiction in admiralty the res must be present in the district when the suit is filed or during the pendency of the action." *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel*, 508 F.2d 1113, 1115 (5th Cir. 1975). Furthermore, "[p]rocess in rem and of maritime attachment and garnishment shall be served only within the district." *See id.* (internal quotation omitted). Consequently, this Court does not have jurisdiction over Plaintiff's *in rem* suit since the property is located in the Southern District.

The Court notes that the remainder of Plaintiff's Letter is nearly incomprehensible. Although Plaintiff states that he is not a sovereign citizen, his Letter is replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, Case No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2

(M.D. Ala. Feb. 21, 2019). The Court warns Plaintiff that the arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). **Plaintiff is further warned that if he continues to file such frivolous arguments with this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's request for reconsideration is hereby **DENIED**.
2. This case shall remain closed.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of November, 2019.

　　　　　　　　　　　　　　　　　　　　**TOM BARBER**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**